Macey & Aleman, P.C.
Carlene M. Simmons
101 N. First Ave., Suite 2430
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
cms@legalhelpers.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| Emily Gunn<br>445 S. Foothills Blvd<br>Taylor, AZ 85939-2166<br><br>and<br><br>Scott Gunn<br>445 S. Foothills Blvd<br>Taylor, AZ 85939-2166<br><br>    Plaintiffs,<br><br>v.<br><br>Thunderbird Collection Specialists, Inc<br>d/b/a TCS, Inc<br>c/o Steven J Kaminskas, Registered Agent<br>3200 N Hayden Road, Suite 100<br>Scottsdale, AZ 85251<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br><br><br><br><br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff Emily Gunn ("Emily") incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. Plaintiff Scott Gunn ("Scott") is Emily's lawful spouse.

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

8. On or around October 20, 2008, Plaintiffs retained an attorney to file bankruptcy.

9. On or around January 13, 2009, Defendant telephoned Plaintiffs.

10. During this communication, Plaintiffs notified Defendant that Plaintiffs were represented by a bankruptcy attorney and provided Plaintiffs' attorney's contact information.

11. Despite Plaintiffs' notice, Defendant telephone Plaintiffs a second time on January 13, 2009.

12. During this communication, Defendant falsely represented that Defendant contacted Plaintiffs' attorney and was told that the attorney did not represent Plaintiffs.

13. During this communication, Plaintiff again notified Defendant that Plaintiffs were represented by a bankruptcy attorney.

14. Despite having notice of Plaintiffs' representation, on or around January 13, 2009, Defendant repeatedly telephoned Plaintiffs to harass and/or annoy Plaintiffs.

15. Despite having notice of Plaintiffs' representation, on or around March 25, 2009, Defendant telephoned Plaintiffs multiple times.

16. During one of these communications, Defendant falsely represented that Defendant contacted Plaintiffs' attorney and was told that the attorney did not represent Plaintiffs.

17. On or around March 25, 2009, Defendant mailed a letter to Emily's employer.

18. At the time of this communication, Defendant already had Plaintiff's location information.

19. Defendant damaged Plaintiffs emotionally and mentally and caused Plaintiffs substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiffs notwithstanding Plaintiffs' notice that Plaintiffs were represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiffs and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiffs.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

31. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

32. Plaintiffs pray for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Carlene M. Simmons*
Carlene M. Simmons
101 N. First Ave., Suite 2430
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
cms@legalhelpers.com
*Attorney for Plaintiff*